```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BECKLEY
```

**EDWARD JAMES COLLINS,**

    **Petitioner,**

**v.**                                             **CIVIL ACTION NO. 5:02-1375**

**UNITED STATES OF AMERICA,**

    **Respondent.**

<u>**MEMORANDUM OPINION**</u>

Pursuant to the court's order filed forthwith, in which the court overruled both petitioner's objections to Magistrate Judge R. Clarke VanDervort's Proposed Findings and Recommendation [hereinafter "Findings and Recommendation" or "F & R"], confirmed and accepted the F & R, and indicated that an explanatory memorandum opinion would follow forthwith, the court now issues its Memorandum Opinion.

The court has conducted a de novo review of the petition. In his objections, the petitioner raises the following issues:

(1) that the magistrate judge erred when he did not consider what petitioner understood when he signed the plea agreement and cooperated with the government and why the government was not required to elaborate on the nature and extent of petitioner's cooperation;

(2)   that the magistrate judge erred in his determination that petitioner's appellate rights were violated by the actions of his counsel.

(See Doc. Nos. 81 & 84.)  The court will address each of these objections in turn.

### A.   Petitioner's First Objection

Petitioner's first objection centers on the magistrate judge's focus on what the plea agreement objectively said, as opposed to what petitioner understood it to say.  (See Doc. No. 81 at 3.)  In support of his objection, petitioner cites a number of cases standing for the proposition that the government's post plea-agreement conduct must accord with what was reasonably understood by the defendant at the time of the plea agreement. (Id.) (citing United States v. Harvey, 791 F.2d 294 (4th Cir. 1986); United States v. Chagers, 957 F.2d 192 (5th Cir. 1992); United States v. Shorteeth, 887 F.2d 253 (10th Cir. 1989); United States v. Ferrara, 954 F.2d 103 (2d Cir. 1992); United States v. Palladino, 347 F.3d 29 (2d Cir. 2003)).

Petitioner notes that the magistrate judge's F & R totally fails to discuss what was reasonably expected by petitioner, and only focused on what was understood by the government.  (Id.) Petitioner notes that he expected the government to elaborate on

the nature and extent of his cooperation at his sentencing, but only informed the court that petitioner had been cooperative. (Id.)  Further, petitioner avers that it is established that the government must provide all of the reasons underlying its recommendation.  (Id.) (citing United States v. Camarillo-Tello, 236 F.3d 1024 (9th Cir. 2001) and United States v. Fisch, 863 F.2d 690 (9th Cir. 1998)).  At petitioner's sentencing, petitioner states that the government only told the court that petitioner had cooperated, but did not provide any specifics. (Id. at 4.)  Without those specifics, petitioner notes that the district court could not have considered reducing petitioner's sentencing pursuant to U.S.S.G. § 5K1.1.  (Id.)

As the magistrate judge notes, due process requires the United States to adhere to any express or implied times contained in plea agreements with criminal defendants.  (Id. at 13) (citing United States v. Martin, 25 F.3d 211, 217 (4th Cir. 1994)).  In his objections, petitioner alleges that the United States breached the terms of its plea agreement with him by failing to inform the court of the full extent of his cooperation.  The plea agreement in this case provides that the government "retained the right" to comment on his cooperation, and did not require the government to do so.  As such, the government did not breach the plea agreement by choosing not to elaborate on the nature and

extent of petitioner's cooperation at his sentencing. Petitioner's objections to the contrary are hereby OVERRULED.

### B. Petitioner's Second Objection

Petitioner's second objection is that the magistrate judge erred in finding that petitioner's trial counsel had been effective even though he did not note an appeal in this case. (See Doc. No. 84 at 1.) He states that the magistrate made the following specific errors in reaching this determination:

(1) that the magistrate judge's determination regarding this issue went beyond November 26, 2001, the date the actual request was made to file a notice of appeal;

(2) that the magistrate judge erred when he failed to consider that petitioner's trial counsel failed to meet with him in the bullpen following sentencing;

(3) that the magistrate judge failed to consider "an ongoing dispute between counsel and the petitioner";

(4) that the magistrate judge failed to address the fact that petitioner's trial counsel had "no independent recollection" of a conversation with petitioner following his sentencing on November 26, 2001.

(See Doc. No. 84 at 1-2.)

In short, petitioner argues that, because all the evidence presented at the hearing indicated that he directed his counsel to file an appeal of his sentence on November 26, 2001, this

-4-

court cannot dispute this claim. (Id. at 2) (citing United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993)). Petitioner avers that as the only evidence present here are his statements that he told his counsel to file an appeal and his counsel did not do so, the magistrate judge's decision not to credit these statements was in error. (See id. at 3.)

The court's review of the record in this case, including a review of the audio transcript of the evidentiary hearing held in this case, leads it to the decision that the magistrate judge properly credited the evidence present in this case. Indeed, from the court's review of the audio transcript made at the evidentiary hearing, the summary of the evidence included in the F & R appears to be entirely accurate. (See Doc. No. 80 at 9-12.)

Given that the magistrate judge's summary is accurate, some of petitioner's specific objections also have a factual basis. For instance, it is clear that evidence was presented at the hearing as to a broad time period. Petitioner's trial counsel's secretary testified that there was no record that petitioner tried to contact his lawyer. Both she, and petitioner's trial counsel, discussed the events surrounding petitioner's sentencing, and also the creation of a letter discussing the prospects if petitioner chose to appeal this case. However, the

existence of a factual basis for petitioner's specific objections does not mean that they must be accepted.

Indeed, having reviewed all of the evidence presented at the hearing, the court expressly adopts magistrate judge's findings and recommendation. Petitioner's contention that he indicated immediately following his sentencing that he wanted to appeal was incredible given the whole of the evidence. Considering the whole of the evidence and after a review of the audio transcript, the court confirms and accepts the magistrate judge's findings and recommendation regarding petitioner's claims that he told his counsel to appeal his case in its entirety. There is not sufficient evidence to find that petitioner requested his counsel to appeal. As such, petitioner's objections to the contrary are OVERRULED.

### C. Conclusion

For these reasons, the court determines that the magistrate judge's decision was well-reasoned and supported by case law. Petitioner's objections are accordingly OVERRULED.

As stated in the court's Judgment Order filed herewith, the court (1) confirms and accepts the magistrate judge's findings, (2) denies petitioner's § 2255 Motion and Amended § 2255 Motion, and (3) orders the Clerk to remove this matter from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion to the petitioner, pro se, and to all counsel of record.

IT IS SO ORDERED this 29th day of March, 2006.

                        ENTER:

                        David A. Faber
                        Chief Judge